**BOSSETTI et, Plaintiffs-Appellants v. CHERUBINI et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3626.   Decided September 29, 1943.

Harry Kohn, Columbus, and James B. Yaw, Columbus, for plaintiffs-appellants.

Frank J. Cipriano, Columbus, for defendant, Ezio Cherubini.

Vorys, Sater, Seymour & Pease, Columbus, for defendant, American Surety Company of New York.

**OPINION**

By HORNBECK, J.

This is an appeal on questions of law from a judgment in favor of the defendant, The American Surety Company, dismissing said party defendant with its costs.

The issue was joined on the amended petition of plaintiffs, amended answer of defendant, Ezio Cherubini, and answer of defendant, American Surety Company, to the amended petition. At the time the cause went to trial the answer of the Surety Company was, after certain formal admissions, a general denial. During the trial it was suggested by counsel for the Surety Company that, because of developments in the evidence, it would desire to file an amended answer setting up defenses of the statutes of limitations and, later and before a decision, this answer was tendered and filed by leave of court which, after a first defense of general denial, set up second, third, and fourth defenses. The second defense plead a bar of a statute of limitation, §11224 GC, the third defense, a bar of a statute of limitation, §11222 GC, and the fourth defense, a bar of a statute of limitation, §11226. Thereafter, plaintiffs moved to strike this amended answer from the files and, so far as we are able to determine, this motion was never passed upon and there is nothing in the bill of exceptions nor in any entry to indicate that the Court gave any consideration whatever to the second, third, and fourth defenses of the amended answer of defendant, the American Surety Company. We, therefore, give no attention whatever to these defenses because of the state of the record.

The defendant, Cherubini, in the first instance, filed an answer in the nature of a general denial of the averments of the petition. Later, he filed a more extended answer wherein, in substance, he set up that the money which was deposited with him by the plaintiffs was a loan to him personally and asked the Court to enter judgment against him in the amount due on the note which he alleged he gave for said loan. He further denied the averments of the petition. This answer was originally filed to the original petition. Afterwards, it is interlined to indicate that it is to be filed to the amended petition. The issue then which was presented to the Court was whether or not the money, admittedly placed with the defendant, Cherubini, was deposited with him as agent for the Cunard Steamship Company, Ltd., for transmittal to the Postal Savings

Bank in Italy to the order of plaintiffs or whether it was a loan to Cherubini, individually. The American Surety Company was the surety on a bond on behalf of the defendant, The Cunard Steamship Company, Ltd., guaranteeing that Cherubini "would fairly hold and transmit all money or the equivalent thereof which shall be delivered to or deposited with Cherubini as agent of said company for transmission to a foreign country in accordance with the laws of the State of Ohio". The defendant, The Cunard Steamship Co., Ltd., was not before the Court, no proper service having been made upon it.

There is but one question presented upon this appeal, namely, whether or not the judgment of the trial court is manifestly against the weight of the evidence. This must be determined in the light of the law controlling which is so well recognized as to need no repetition or citation of authority. Every proper intendment must be indulged to support the judgment and this Court must accord to the trial judge the right to determine credibility of witnesses and the weight of their testimony. In this situation we have no hesitancy in saying that we are required to affirm this judgment. The record presents a case of direct and positive conflict on a material and determinative question. If this factual issue should be determined in favor of the plaintiffs, even so, there would be presented many serious and difficult questions as to the right to recover and as to the form and nature of their recovery.

At the outset, it should be observed that this action is at law but in the amended petition and in the evidence, we are met with a written instrument which in every essential is a promissory note, as follows:

"E. Cherubini
"FOREIGN EXCHANGE AND STEAMSHIP AGENT
"513 N. Park Street, Columbus, Ohio, U. S. A.
"No. 3810
On sight after date for value received I obligate myself to pay to the order of Italia Bossetti and Pietro Bossetti son of Guiseppe Fifty Thousand (50,000) Italian Lire paper with interest at the rate of 3% per annum, guaranteeing the payment of said sum.

(Signed)    E. Cherubini

Regularly payments are made within thirty days after request and under special circumstances the time may be abbreviated."

It is true that this note, as the copy indicates, bore the letterhead at the top thereof of Cherubini as foreign exchange and steamship agent, and it also appears that there is a seal lightly indented on the note, which seal reads, "E. Cherubini, Foreign Agent and Steamship Agent". On the back of said note there are noted eleven endorsements of payment thereon, nine of which the record discloses were semi-annual payments of a sum equivalent to payment of interest at the rate set out in the note. There also is offered in evidence a note, dated July 15, 1930, identical in language and form with the instrument sued upon, payable to plaintiffs and signed by Cherubini, individually, for the sum of 10,000 lire upon which interest was regularly paid semiannually for several years and the principal of which note it is not denied was paid by Cherubini.

This action is, as we have said, at law. There is no attempt of plaintiff to invoke the equitable arm of this Court by way of reformation of the written instrument, the basis of the suit. There thus is presented the question whether or not an action at law can be maintained on this instrument in the form in which it is produced. Much of the testimony of the plaintiffs and three of their children tending to support the plaintiffs' cause of action directly and positively varies the terms of the instrument sued upon. The trial judge evidently desired to hear the case upon all the evidence available and certainly upon the form of the action, gave the plaintiffs the benefit of every doubt in accepting any testimony varying the terms of the instrument sued upon.

No one was present but the plaintiff, Pietro Bossetti, when the money, the subject of the deposit, was placed by him with the defendant, Cherubini, and, therefore, the real purport of the transaction could be known only to Bossetti and Cherubini. All that the Bossettis, other than Pietro, knew about the transaction was hearsay except that they at times were present when the plaintiffs, one or both, conferred with Cherubini, at which time they testify, Cherubini said that he had transmitted the money to Italy but was unable to secure its return and that he had .even sent a relative to Italy, for the purpose of bringing the money back, without success.

The record is silent as to the form of instrument which would purportedly be employed had Cherubini accepted the money for transmittal to Italy as agent for the Cunard Steamship Co., Ltd. It is obvious, however, that such instrument would manifest in its terms the intention and purport to

transmit the money and the acceptance would be made for and on behalf of the principal by its agent. Then, too, had it been transmitted to the Postal Savings Bank at Rome, Italy, some return should have been made of postal certificate or other indebtedness which would have been turned over to the plaintiffs. They were not ignorant of these transactions because the record discloses that before the instant occurrence they had sent money in like manner through Cherubini to Italy.

The amended petition alleges that the money which the plaintiffs turned over to Cherubini was $3000.00, which is American money, but Cherubini testifies and it is not denied by the Bossettis, that the 50,000 lire, the subject of the deposit, was in Italian money. The question arises why the plaintiffs would want to transmit Italian money to their own order in Italy. This may be customary but the record is silent on the subject. The fact that these plaintiffs made the deposit in Italian money lends some support to the testimony of defendant, Cherubini, that they had it on their hands, he having theretofore secured it for Pietro by way of exchange for American money and that he was desirous of doing something with it and defendant suggested the loan. It may be that the transmittal of money to Italy as claimed to have been intended by plaintiffs is at all times made to one place and to one banking institution, but it is notable in the record, that no one of the Bossettis testified as to the specific place to which the money was to be sent but a son, Pietro Bossetti.

The instrument sued upon, the note for 10,000 lire, is written in the Italian languge familiar to plaintiff, Pietro Bossetti, and he admits that the Italian word which Cherubini used in describing the instrument is translated as "note". It also appears that the name, Italia Bossetti, was written in both notes at the suggestion of Pietro sometime after each was given. The trial judge had a right to resolve all of these inferences favorably to defendant, Cherubini, and the Surety Company.

We grant that there are circumstances in this case which are suspicious and which lend some credence to the claim that Cherubini was accepting this money as agent, for transmittal to Italy and we are not entirely free from doubt as to the nature of the transaction involved. However, this will not support a finding and determination that the trial judge manifestly erred in weighing the evidence and determining it in

behalf of the defendant, The American Surety Company.

We direct no further attention to many other factual developments, some of which are favorable to the plaintiffs and some of which lend support to the claim of the defendants.

Appellant cites the unreported case of **Puky v American Fidelity Co.**, No. 92, decided by this Court in Franklin County in June, 1914. The action is very much like the instant suit but a jury in the Common Pleas Court had found for the plaintiff and judgment had been so entered and on error proceedings the Court of Appeals sustained the judgment. The Court in the opinion considers the errors under five headings, of which only the fourth and fifth are applicable to the instant appeal. The opinion under the fourth heading is very short but states that, upon examination of the evidence and the cases cited, it is found that the verdict and judgment of the trial court was not contrary to the manifest weight of the evidence. Obviously, the Court was applying the same rule that we adopt in this appeal and upon the same test determined that the judgment of the lower court should be affirmed. If we had a verdict and judgment here for the plaintiffs upon the main factual issue, namely, whether the money of plaintiffs was deposited with Cherubini, in his capacity as agent for the steamship company for the purpose of transmission to Italy, we would not disturb this conclusion of fact because it is a permissible finding in one view of the evidenve but the appellants do not have the benefit of such determination. We have none of the facts in the cited case before us and only the conclusion of the Court. The fifth heading of the opinion also comments upon the development in the evidence that interest had been paid by the agent on certain deposits and the question was whether or not such development precluded an action under the statute and on the bond. The Court merely held that this factual development was evidential and not necessarily fatal to the claim of plaintiffs. The Court made this significant statement:

"**The evidence must necessarily establish the fact that the deposit was made and accepted for the purpose of being shipped to a foreign country** and when that deposit is made and accepted for the purpose of being shipped to a foreign country and when that purpose is made evident, it does not prevent the payment of interest and the transmission of the equivalent of the deposit in accordance with the original purpose." (Emphasis ours.)

We are also cited to a number of authorities on agency, none of which may be given application in view of the general finding of the trial judge necessary to support the judgment.
Judgment affirmed.

BARNES, P. J., and GEIGER, J., concur.